# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8398 | **DATE** | 2/2/2004 |
| **CASE TITLE** | Tracy D. Holland vs. Jo Anne B. Barnhart, Commissioner of Social Security | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10)■ [Other docket entry] Enter Memorandum Opinion and Order: We grant plaintiff's application for attorney's fees (25-1) and for final judgment (25-2). We find that Holland is entitled to a fee award in the amount of $8,049.71. Specifically, we award 1) $826.31 for attorney's fees incurred during 2002 (5.65 hours times an hourly rate of $146.25); 2) $7,035.75 for attorney's fees incurred during 2003 (47.7 hours times an hourly rate of $147.50); 3) $150 for paralegal fees (3 hours times $50 per hour); and 4) copying costs of $37.65 (251 pages at $0.15 per page).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 33 |
| | Notified counsel by telephone. | | FEB 03 2004 | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | Docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/2/2004 | |
| | | courtroom deputy's initials | date mailed notice | |
| GL | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

FEB 0 3 2004

TRACY D. HOLLAND,                      )
                                       )
    Plaintiff,                        )
                                       )
v.                                     )
                                       )  No. 02 C 8398
JO ANNE B. BARNHART,                   )
Commissioner of Social Security,       )
                                       )
    Defendant.                        )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff Tracy D. Holland's Application for Attorney's Fees made

pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. For the reasons set forth below, we grant

her application and award fees and costs in the amount of $8,049.71.

## BACKGROUND

Plaintiff Tracy D. Holland ("Holland") applied for and was denied Disability Insurance Benefits

in 2001. An Administrative Law Judge ("ALJ") affirmed the denial in June of 2002. Upon review, this

court found that the ALJ's opinion contained a substantial number of omissions and errors that were

material to Holland's disability determination. We therefore granted Holland's motion to remand the

matter to the Social Security Administration for further proceedings. Holland now applies for attorney's

fees and costs incurred in connection with filing her appeal and with preparing the present motion.

## ANALYSIS

The Equal Access to Justice Act ("EAJA") provides that a party who prevails against the United

States may receive attorney's fees and costs if certain conditions are met. 28 U.S.C. § 2412. A party

seeking such fees and expenses must demonstrate that: 1) she filed a request for fees within thirty days



of final judgment in the action; 2) that she was a "prevailing party"; and 3) that the United States was not "substantially justified" in the earlier action. *Id.* § 2412 (d)(1)(B).

Holland has met all three requirements. First, she made a timely request for fees. Second, a person is considered a prevailing party if, as here, the action is remanded to the agency for further consideration. *Schutt v. Massanari*, 2001 WL 1155253, *2 (N.D. Ill. Sep. 28, 2001). Third, the government bears the burden of proving that the position of the United States in the earlier action was substantially justified. *See Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). In this case, the Commissioner has not argued that the United States was "substantially justified" in the earlier action. In light of our earlier holding that the ALJ's opinion contained a substantial number of material omissions and errors, we therefore find that the government's position was not "substantially justified" within the meaning of the EAJA and that an award of attorney's fees and costs is appropriate.

Holland has submitted a request for $8,273.46 in fees and costs. In assessing the amount of attorney's fees, we must first consider whether the rate proposed by Holland is reasonable. 28 U.S.C. § 2412(d)(2)(A). The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* Holland requests an adjustment of the hourly rate provided by the EAJA based on an increase in the cost of living since the enactment of § 2412(d)(2)(A) in 1996. Specifically, she asks that the court grant an hourly rate of $146.25 for work performed in 2002 and $147.50 for work performed in 2003. She bases her cost of living adjustments on the "all items" figures for 2002 and 2003 listed in the Consumer Price Index. (Plaintiff's Application for Fees, Ex. A.) Several courts in this district have accepted the use of the Consumer Price Index as a basis for adjusting attorney's fees to correspond with increases in the cost of living. *See, e.g., Baker v. Barnhart*, 2003 WL 22715829, *2 (N.D. Ill. Nov. 17, 2003). We therefore

2

accept Holland's proposed hourly rates for attorney's fees as reasonable.

Although the Commissioner does not contest Holland's proposed rate for attorney's fees,[1] she does argue that the 56.85 hours devoted to the preparation of "three briefs, totaling 48 pages" is an unreasonable amount of time to spend on a disability case. (Plaintiff's Reply at 2.) We cannot agree. The attorneys (with the permission of this court) filed an additional memorandum in the case because they felt it was necessary to respond to several of the arguments made by the Commissioner in her reply memorandum.

The Commissioner next claims that attorneys Frederick J. Daley, an experienced disability benefits lawyer, and James Commerford, a more junior attorney, over-billed by spending 3.5 hours working together on the case. She argues that billing the time spent working together was improper because "the EAJA statute is not designed to subsidize the training and development of new attorneys." (Def's Response at 3) (citing *Dunn v. Shalala*, 92 C 4090, 1995 WL 23116, *7 (N.D. Ill. Jan. 19, 1995). Although it may be improper to bill time for two attorneys where the work performed is duplicative, the billing submissions provided by Holland in this case show that Daley edited Commerford's work and made suggestions, which Commerford then spent time incorporating into the drafts. We find this joint effort appropriate and proper in this case.

We do agree with the Commissioner's contention, however, that it was unreasonable for Holland's attorneys to bill the Commissioner for time spent preparing a motion for extension of time. *See Burr v. Bowen*, 782 F. Supp. 1285, 1290 (N.D. Ill. 1992). We therefore will deduct the 0.5 hours that it took to prepare that motion from our final fee calculation.

---

[1] At one point, however, the Commissioner does contend that Holland's attorneys should not charge the same rate for junior and senior level attorneys. She argues that "such billing is unreasonable and is not compensable under the EAJA," but does not cite any authority for that proposition. (Def's Response at 4.) We find their assertions untenable in light of the fact that the EAJA itself sets a flat compensation rate for all attorneys.

The Commissioner's final argument is that the $100 per hour rate charged by Holland's attorneys for paralegal services was unreasonable. Asserting that the services performed by the paralegals were "clerical" in nature, the Commissioner requests that we award only $25 per hour for their work. *See Taylor v. Barnhart*, 2002 WL 31654944 (N.D. Ill. Nov. 22, 2002) (compensating paralegals for clerical work at the rate of $25 per hour). The billing submissions provided by Holland demonstrate, however, that the three hours of work done by the paralegals in this case were not clerical in nature. The submissions show that they performed the types of tasks normally conducted by paralegals and not clerical staff, including preparing and submitting court documents, serving process, and discussing the case with attorneys. However, we agree that the rate of $100 per hour, billed by Holland's attorneys, is high for paralegal work. The only authority that Holland cites to support her purported $100 per hour paralegal rate is the so-called *Laffey* Matrix, which recommends a rate of $100 per hour for paralegals working in Washington, D.C. Although the *Laffey* Matrix has been accepted by the district courts in Washington, D.C., it has not been adopted in this jurisdiction. We believe that the rate of $50 per hour is reasonable for the paralegal services provided in this case and will so order.

## CONCLUSION

For the reasons listed above, we find that Holland is entitled to a fee award in the amount of $8,049.71. Specifically, we award 1) $826.31 for attorney's fees incurred during 2002 (5.65 hours times an hourly rate of $146.25); 2) $7,035.75 for attorney's fees incurred during 2003 (47.7 hours times an hourly rate of $147.50); 3) $150 for paralegal fees (3 hours times $50 per hour); and 4) copying costs of $37.65 (251 pages at $0.15 per page). It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 2/2/04

4